IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

**CHRIS ROINESTAD and SHAWN**            **PLAINTIFFS**
**DURHAM, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:21-cv-4

**DIAMOND T SERVICES, INC.**                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Chris Roinestad and Shawn Durham ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Diamond T Services, Inc. ("Defendant"), they state and allege as follows:

### I.   JURISDICTION AND VENUE

1.   Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others similarly situated a proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, operating and managing an oilfield equipment and construction company in Pecos County.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

## II. THE PARTIES

5. Plaintiff Chris Roinestad ("Roinestad") is an individual and a resident of Mesa County, Colorado.

6. Plaintiff Shawn Durham ("Durham") is an individual and a resident of Silver Bow County, Montana.

7. Defendant is a foreign, for-profit corporation.

8. Defendant's registered agent for service is National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Defendant maintains a website at https://diamondtservices.com/.

## III. FACTUAL ALLEGATIONS

10. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise

work with goods or materials that have been moved in or produced for interstate commerce, such as industrial matting and oilfield equipment.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

13. At all relevant times herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

14. Roinestad was employed by Defendant from November of 2016 until December of 2019.

15. Durham was employed by Defendant from October of 2016 until February of 2020.

16. Defendant employed Plaintiffs as Field Supervisors.

17. Defendant also employed other Field Supervisors.

18. Defendant classified Plaintiffs and other Field Supervisors as salaried employees, exempt from the overtime requirements of the FLSA.

19. At all times material herein, Plaintiffs and other Field Supervisors have been entitled to the rights, protections and benefits provided under the FLSA.

20. At all relevant times herein, Defendant directly hired Field Supervisors to work at its facilities and/or to work remotely, paid them wages and benefits, controlled their work schedules, duties, protocols, applications,

assignments and employment conditions, and kept at least some records regarding their employment.

21. As Field Supervisors, Plaintiffs were primarily responsible for reporting on location, completing paperwork, repairing equipment, helping to deliver equipment, training other employees and reporting to management and clients.

22. Other Field Supervisors had similar duties as Plaintiffs.

23. Plaintiffs and other Field Supervisors did not hire or fire any other employee.

24. Plaintiffs and other Field Supervisors were not asked to provide input as to which employees should be hired or fired.

25. Plaintiffs and other Field Supervisors did not exercise discretion or independent judgment as to matters of significance.

26. Plaintiffs and other Field Supervisors sought input from their superiors in lieu of making significant decisions on their own.

27. Plaintiffs regularly worked over forty hours in a one-week period.

28. Upon information and belief, other Field Supervisors also regularly worked over forty hours in a one-week period.

29. Plaintiffs and other Field Supervisors were not paid overtime wages for hours worked over forty per week.

30. At all relevant times herein, Defendant has deprived Plaintiffs and other Field Supervisors of overtime compensation for all of the hours worked over forty per week.

31. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

32. At or around the time Roinestad's employment with Defendant was terminated, Roinestad signed a severance agreement which purported on its face to pay all unpaid wage claims, and which also purported on its face to waive all future wage claims.

33. The parties had no discussion at the time about any potential claim for unpaid wages, and neither party specified an amount that was attributable to wages.

34. As a matter of law, this purported waiver is invalid.

35. In the alternative, if all or part of the severance amount is found to be payment for back wages, then Defendant is entitled to set off in that amount, but is liable to Roinestad for unpaid wages above that amount.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked in excess of forty per week;

B. Liquidated damages; and

C. The costs of this action, including attorney's fees.

46. Plaintiffs propose the following class under the FLSA:

**All Field Supervisors in the last three years.**

47. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The proposed FLSA class members are similarly situated in that they share these traits:

A. They worked more than 40 hours in at least some weeks;

B. They had substantially similar job duties, requirements, and pay provisions;

C. They were misclassified by Defendant as exempt from the overtime requirements of the FLSA; and

D. They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week.

50. Plaintiffs are unable to state the exact number of the class but believe that there are at least five other employees who worked as Field Supervisors and were misclassified as salaried employees.

51. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Field Supervisors.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V. FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up 40 each week and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 in each week.

60. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint.

## VI.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiffs, each individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all times relevant to this Complaint, Defendant misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

67. Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Chris Roinestad and Shawn Durham, each individually on behalf of all others similarly situated, respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F.  An order directing Defendant to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRIS ROINESTAD and SHAWN DURHAM, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com